OPINION
Dwayne Davis, defendant-appellant, appeals the trial court's judgment finding him to be a sexual predator. We affirm.
On November 4, 1991, appellant plead guilty to rape, a violation of R.C. 2907.02, an aggravated felony of the first degree. Because of his guilty plea, appellant was given a prison term of five to twenty-five years. While still serving his sentence, a sexual predator hearing for appellant was held on September 1, 1999. The trial court found appellant to be a sexual predator, which was journalized in an entry filed on September 3, 1999. Appellant appeals this determination and presents the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
Appellant argues in his assignment of error that the trial court erred when it found him to be a sexual predator because insufficient facts and circumstances support the finding. Appellant claims that the trial court placed little weight upon appellant's age, his lack of criminal record, or his record while he was in prison.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)(a) — (j). An appellate court in reviewing a finding that the appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard.State v. Jackson (June 8, 2000), Franklin App. No. 99AP-789, unreported.
 Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, unreported, following Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
A review of the record shows that appellant pled guilty to one count of rape, which is a violation of R.C. 2907.02. Rape is considered a "sexually oriented offense" pursuant to R.C.2950.01(D)(1).
The record also shows that sufficient evidence exists to establish that appellant is likely to engage in the future in one or more sexually oriented offenses. Appellant was twenty-seven years old at the time of the offenses and the victim was only three years old. The victim is appellant's niece, and the molestation occurred when his sister and brother-in-law left her in his care. Because of appellant's conduct, the three-year-old victim became infected with the sexually transmitted disease chlamydia. The victim also tested positive for trichomonas. The victim's parents became aware of the sexual abuse after the victim, while in the back seat of a car, "began screaming uncontrollably * * * `let me out, let me loose!'" after appellant got into the front seat of the car. Appellant admitted to "fondling the victim's vagina, finger penetration and vaginal intercourse." Appellant also admitted that "he had done this between one and five times."
We have recently restated our position concerning offenders who have committed sexual abuse:
 "The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." State v. Henderson (Sept. 28, 1999), Franklin App. No. 98AP-1591, unreported, quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported.
Additionally, since appellant engaged in sexual conduct with his niece, given the deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these types of sexual offenses was deeply ingrained and that he was likely to reoffend. State v. Grau (Dec. 28, 1999), Franklin App. No. 99AP-433, unreported.
Accordingly, after having reviewed the record, we find sufficient evidence was presented to establish that appellant is a sexual predator. The age of the victim, the fact the sexual conduct occurred "between one to five times," the fact that the victim was harmed through being infected with a sexually transmitted disease, combined with appellant's family relationship with the victim, demonstrates that the risk of recidivism is considerable. Therefore, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
BRYANT and GREY, JJ., concur.
GREY, J., retired, of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.